Peter A. Arhangelsky, Esq. (SBN 025346)
peter.arhangelsky@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ  85016
Tel: (602) 445-8017
*Attorney for Plaintiffs Stenson Tamaddon, LLC*
*and ERC Today, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERC Today, et al., | Case No. 2:24-cv-03178-PHX-SMM |
| Plaintiffs, | **JOINT STATUS REPORT AND STIPULATION REGARDING AMENDED COMPLAINT** |
| v. | |
| John McInelly, et al., | |
| Defendants. | Hon. Stephen M. McNamee |

**JOINT STATUS REPORT, STIPULATION REGARDING AMENDED COMPLAINT, AND REQUEST FOR PRELIMINARY SCHEDULING ORDER**

The parties, Plaintiffs Stenson Tamaddon LLC and ERC Today LLC (collectively, "Plaintiffs"), and the United States of America, on behalf of itself and the named Defendants (collectively, "Defendants"), respectfully submit this Joint Status Report pursuant to the Court's Order of May 23, 2025 (ECF No. 36), which stayed this action pending the resolution of Plaintiffs' interlocutory appeal. The parties jointly request that the Court: (1) lift the stay and (2) enter a preliminary scheduling order.

**A.  The Stay Should be Lifted**

On May 21, 2025, the parties filed a Joint Stipulation to Stay Proceedings pending resolution of the appeal. ECF No. 35. The Court approved the stipulation and stayed the action on May 23, 2025. ECF No. 36. The Court directed the parties to file a Joint Status Report within 30 days of the Ninth Circuit's decision.

On March 17, 2026, the Ninth Circuit issued its Memorandum Disposition affirming the Court's denial of the preliminary injunction, but on grounds different from those relied upon by this Court. *See ERC Today, LLC v. McInelly*, No. 25-2642 (9th Cir. Mar. 17, 2026). A copy of that decision is attached. Where this Court had found that Plaintiffs stated a viable injury-in-fact but failed to demonstrate redressability (*see* ECF No. 27), the Ninth Circuit held that Plaintiffs had not made the requisite showing of injury-in-fact at the preliminary injunction stage.

The Ninth Circuit remanded for further proceedings and stated that "Appellants could potentially cure the injury-in-fact shortcomings in their Complaint if given leave to amend." *Id.* at 5 (citing Fed. R. Civ. P. 15(a)(2)).

With the Ninth Circuit having issued its decision, the basis for the stay has been resolved. The parties jointly request that the Court lift the stay so that this action may proceed.

### B.    The Parties Stipulate to Allow an Amended Complaint

The Court has not formally dismissed Plaintiffs' Complaint. The Ninth Circuit's appeal concerned only the denial of Plaintiffs' Motion for Preliminary Injunction and did not constitute a review of any dispositive order on the underlying claims. Accordingly, Plaintiffs' original Complaint remains pending before the Court.

The parties have agreed regarding the appropriate next steps in this litigation under the Ninth Circuit's decision. Given the Ninth Circuit's statement that Plaintiffs could potentially cure the injury-in-fact shortcomings identified in its disposition, the parties agree that the appropriate next step is for the Court to set a deadline for Plaintiffs to amend their complaint, and for Defendants to file a response thereto.

The parties agree that, with Defendants' caveat noted below, an amended complaint is consistent with Rule 15(a)(2)'s instruction that leave to amend should be freely given when justice so requires, and that allowing the amended filing through this stipulation serves the interests of judicial economy. The parties thus stipulate pursuant to Rule 15(a)(2) that Plaintiffs may amend their complaint.

**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

2

Defendants note that amendment is inappropriate if the proposed amendment would not save the complaint from dismissal. *Cf. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Defendants clarify that with this stipulation, Defendants make no concession that the defects in Plaintiffs' original complaint could be cured by amendment. Nevertheless, Defendants agree that allowing Plaintiffs to submit an amended complaint serves the interests of judicial economy in this circumstance because it is more efficient to litigate the sufficiency of Plaintiffs' amended allegations on a motion to dismiss.

### C.  Request for Entry of a Preliminary Scheduling Order

The parties also request that Plaintiffs be permitted 60 days from the submission of this Joint Status Report to file an amended complaint, up to and including June 15, 2026. Plaintiffs require that time to compile and incorporate data from their client files regarding the financial impacts of the DDP program. The 60-day period also affords the parties an opportunity to discuss whether some or all the issues raised in this case can be resolved cooperatively without the need for continued litigation.

The parties further request that Defendants be permitted 45 days from the date of the filing of Plaintiffs' amended complaint to respond thereto. A 45-day period to respond is necessary to accommodate preexisting briefing schedules in other significant matters.

\* \* \*

The parties hereby stipulate pursuant to Rule 15(a)(2) that Plaintiffs may amend their complaint. Additionally, the parties request that the Court (1) lift the stay entered on May 23, 2025, and (2) enter the following preliminary scheduling order:

- Deadline for Plaintiffs to submit amended complaint: June 15, 2026
- Deadline for Defendants to respond to Plaintiffs' amended complaint: 45 days from the date of the filing of Plaintiffs' amended complaint.

A proposed order granting these requests is attached.

Dated:  April 16, 2026.

GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

3

Respectfully submitted,

/s/ Peter A. Arhangelsky
Peter A. Arhangelsky, Esq. (SBN 025346)
GREENBERG TRAURIG, LLP
Em:  peter.arhangelsky@gtlaw.com
*Attorney for Plaintiffs Stenson Tamaddon, LLC, and ERC Today, LLC*

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Amy Matchison
AMY T. MATCHISON
MOIRA E. GOODWIN
Trial Attorney, Tax Division
U.S. Department of Justice
*Attorneys for the United States of America*

<u>ATTESTATION OF FILER</u>

I attest that the other signatory listed, on whose behalf this filing is submitted, concurs in the filing's content and has authorized the filing.

Date: April 16, 2026.                    /s/ Peter A. Arhangelsky
                                          Peter A. Arhangelsky

4