**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERC TODAY, LLC, a North Carolina Limited Liability Company; STENSON TAMADDON, LLC, an Arizona Limited Liability Company,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>JOHN MCINELLY, in his official capacity as Director Examination-Cincinnati (IRS); UNITED STATES INTERNAL REVENUE SERVICE; UNITED STATES OF AMERICA; BILLY LONG, Commissioner of United States Internal Revenue Services,<br><br>　　　　Defendants - Appellees. | No. 25-2642<br><br>D.C. No.<br>2:24-cv-03178-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted March 4, 2026
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this case, two tax preparation firms, ERC Today, LLC and Stenson Tamaddon, LLC (collectively, "Appellants"), allege that the Internal Revenue Service and two of its officers acted arbitrarily, capriciously, unlawfully, and against agency policy by implementing a new process—referred to as the "Disallowance During Processing" or "DDP" program—to screen and categorically disallow thousands of taxpayer claims for the Employee Retention Credit ("ERC") established under the Coronavirus Aid, Relief, and Economic Security Act, *see* Pub. L. 116-136, § 2301, 134 Stat. 281, 347 (2020) (codified as amended at 26 U.S.C. § 3134).  Appellants moved for a preliminary injunction that would require the agency to, among other things, pause the DDP program and vacate all disallowances issued under the program.  The district court denied the motion based on its conclusion that Appellants lacked Article III standing.  We review issues of standing de novo, *see Isaacson v. Mayes*, 84 F.4th 1089, 1095 (9th Cir. 2023), and affirm.

Article III standing requires "(1) an injury-in-fact, (2) caused by the defendant's acts, (3) that likely would be redressed by the requested judicial relief." *Coastal Env't Rts. Found. v. Naples Rest. Grp., LLC*, 158 F.4th 1052, 1057 (9th Cir. 2025).  "At the preliminary injunction stage, the plaintiffs 'must make a clear showing of each element of standing' . . . ." *LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) (quoting *Yazzie v. Hobbs*, 977 F.3d 964, 966 (9th Cir. 2020)).

25-2642

Appellants primarily rely on financial injury to establish standing. More specifically, they allege that, because they work under contingency fee agreements, they (1) do not get paid when their clients' claims are disallowed, and (2) incur additional expenses representing their clients in post-disallowance proceedings. But the record does not bear out Appellants' allegation that they have incurred a financial injury as a result of the DDP program. Indeed, Appellants offer no evidence that they are making less money based on the aggregate rate of approvals versus disallowances of their clients' claims or that they spend more money on their client representations under the DDP program. Although Appellants point to a handful of specific client ERC claims denied through the DDP program, they never allege— much less demonstrate—that the overall rate of denials affecting their clients has increased under the program. They further fail to demonstrate that post-disallowance proceedings are more costly to them than pre-disallowance examinations. Without such evidence, Appellants have not made the requisite "clear showing" of financial injury. *See id.* (quoting *Yazzie*, 977 F.3d at 966).

Appellants' remaining forms of injury—procedural, reputational, and regulatory—are similarly insufficient. For example, Appellants argue that they face procedural harm under the DDP program because their clients are at a procedural disadvantage when they are forced to substantiate their ERC eligibility in a post-disallowance review posture rather than in a pre-determination review posture. To

25-2642

the extent Appellants are relying on a loss-of-process form of injury, Appellants simply cannot show that the procedures at issue are intended to protect the financial interests of tax preparation firms. *See Sterling v. Feek*, 150 F.4th 1235, 1246 (9th Cir. 2025) ("A plaintiff establishes 'procedural standing' by showing that *he* was accorded a procedural right to protect *his* interests, and that he has concrete interests that are threatened." (emphasis added) (quoting *Ochoa v. Pub. Consulting Grp.*, 48 F.4th 1102, 1107 (9th Cir. 2022))).  The relevant procedures are intended to protect the rights of Appellants' clients, yet Appellants expressly disavow that they seek to vindicate their clients' rights.  And Appellants have offered no proof that they suffered a cognizable reputational injury as a result of DDP denial letters that do not identify or refer to Appellants.  *See, e.g.*, *Sweet v. Cardona*, 121 F.4th 32, 42–43 (9th Cir. 2024) (recognizing that a statement creates a concrete reputational harm if "it is disparaging or impugns the professional integrity of *its subject*," or "if it would subject a person to hatred, contempt, or ridicule" (emphasis added) (citation modified)).  Nor have they shown a concrete, non-speculative regulatory injury as a result of the DDP program.  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (rejecting a regulatory injury based on future risk when it rested on a plaintiff's "highly speculative fear" based on "a highly attenuated chain of possibilities").

25-2642

Because we conclude that Appellants failed to make the clear showing of injury necessary to establish Article III standing at the preliminary injunction stage, we need not reach their remaining arguments. We remand for further proceedings consistent with this disposition, recognizing that Appellants could potentially cure the injury-in-fact shortcomings in their Complaint if given leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

**AFFIRMED.**